IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CARL L. SPRAGUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-cv-424-NJR |
| | ) | |
| ROB JEFFREYS, SARAH BROWN FOILES, HEATHER WRIGHT, RICHARD MORGANTHALER, JOHN BALDWIN, and SALVADORE GODINEZ, | ) ) ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Carl L. Sprague, a civilly committed individual under the Sexually Dangerous Persons Act ("SDPA"), 725 ILCS 205/0.01, *et seq.*, who is currently committed at Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He also alleges violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794–94e. In the Complaint, Sprague seeks injunctive relief because he allegedly has not received proper treatment while in the Sexually Dangerous Persons Program.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any

1

portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Sprague makes the following allegations: He was adjudicated a sexually dangerous person ("SDP") in April 1985 and released on conditional release in August 1995 (Doc. 1, p. 6). In 2009, his release was violated after seven and a half years in the community. He also received therapy while on release (*Id.*). In 2011, he was released again. Around seven years later, in 2018, he was revoked again and is currently housed at Big Muddy River Correctional Center. While on conditional release, Sprague alleges that he did not receive proper treatment (*Id.*). He believes this is a violation of the SDPA, ADA, and RA. He believes his release did not focus on rehabilitation or recovery (*Id.*).

Sprague further alleges that over the past two years, he has not received proper treatment in the SDP Program due to the Covid-19 pandemic. He claims treatment has been sporadic and includes packets of homework (*Id.*).

## Discussion

Simply put, Sprague's Complaint fails to state a claim. Although he identifies numerous Defendants in the caption of his case, he fails to indicate how these individuals violated his rights in his statement of claim. He fails to allege that any of the defendants participated in his treatment either on release or while in custody. A successful complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). If Sprague wants to proceed with his claims, he will have

to allege which Defendants were responsible for the program, and how they individually violated his rights. He also fails to indicate how his rights under the ADA were violated.

## Pending Motions

As for Sprague's motion for counsel (Doc. 3), he indicates that he is not trained in the law and will need help presenting his case. But he fails to indicate whether he has tried to obtain counsel on his own. Because Sprague has not sought to obtain counsel on his own, his motion is **DENIED**. Should he choose to move for recruitment of counsel at a later date, the Court directs Sprague to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. His motion for counsel (Doc. 3) is **DENIED**.

## Disposition

For the reasons set forth above, Sprague's Complaint is **DISMISSED without prejudice**. Sprague is **GRANTED** leave to file a "First Amended Complaint" on or before **June 28, 2022**. Should Sprague fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Sprague's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Sprague must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Sprague is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Sprague elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Sprague is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: May 31, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

4