IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL L SPRAGUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-424-NJR |
| ) | |
| ROB JEFFREYS, SARAH BROWN ) | |
| FOILES, HEATHER WRIGHT, ) | |
| RICHARD MORGANTHALER, JOHN ) | |
| BALDWIN, SALVADOR GODINEZ, ) | |
| and DELASH MUTT, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Carl L. Sprague, a civilly committed individual under the Sexually Dangerous Persons Act ("SDPA"), 725 ILCS 205/0.01, *et seq.*, who is currently committed at Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He also alleges violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act ("RA"), 29 U.S.C. §§ 7949-94e. Sprague's original Complaint (Doc. 1) was dismissed for failure to state a claim (Doc. 8). In the Amended Complaint, Sprague alleges that the current SDPA program at Big Muddy violates his constitutional rights.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to

1

screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In his Amended Complaint, Sprague complains about every aspect of the Sexually Dangerous Persons Program (the "SDPP") at Big Muddy. Sprague has been a part of the SDPP and in custody, on and off, since 1985 (Doc. 11, p. 2). Although he is supposed to receive care and treatment for his mental illness and disorders, he alleges that the current program at Big Muddy is ill-equipped to provide him the required care (*Id.*). In fact, he alleges that he has never received the care and treatment he is supposed to receive since his initial commitment in 1985 (*Id.*). Rather, he alleges, the program merely confined and punished him for decades. Although he was conditionally released on several occasions, he did not receive the continued care and treatment needed to maintain his release (*Id.* at p. 5). Sprague alleges that he was on conditional release from 1995 to 2004 and 2011 to 2018 (*Id.*). He alleges his "guardians" during this time period, directors Salvador Godinez and John Baldwin, failed to provide him with proper treatment for his condition (*Id.* at pp. 6, 8). They also failed to provide him proper care prior to his release (*Id.* at p. 8).

Since his return to the SDPP in April 2018, Sprague alleges that he has not received proper treatment because the program is in decline (*Id.* at p. 6). He currently only receives one to one-and-a-half hours of group therapy per week or every other week. Many group sessions are canceled and never rescheduled (*Id.*). Sprague does not receive any

additional hours of treatment or individual treatment (*Id*. at p. 11). He does not receive any training; instead, he receives the occasional handout (*Id*.). The program has a limited number of therapists and the current therapists, Shannon Newman and Heather Wright, are on medical leave (*Id*. at p. 6). Thus, Sprague is denied treatment for his mental illness. Sprague alleges that Rob Jeffreys, as director and head of the program, has failed to provide him with a rapid avenue for release because of the limited resources currently at Big Muddy (*Id*. at p. 9). Sarah Brown Foiles and Heather Wright were both over the program at Big Muddy and failed to implement a program that provides proper care and treatment for his mental illness (*Id*. at pp. 9-10).

## Preliminary Dismissals

To the extent Sprague attempts to raise claims under the ADA and RA, as well as a claim for medical malpractice, he fails to state a claim. He merely references these statutes and potential claims without providing any factual allegations that support such claims. Thus, those potential claims are **DISMISSED without prejudice**.

Further, to the extent that Sprague attempts to raise claims spanning the entire length of his detainment, including violations of his constitutional rights which he alleges occurred during his two periods of release, those claims are time barred. The statute of limitations for Section 1983 claims is two years. *Johnson v. Rivera*, 272 F.3d 519, 521–22 (7th Cir. 2001). Thus, his allegations regarding care during his release from 2011 to 2018 are clearly barred by the applicable statute of limitations. This includes his claims against former Illinois Department of Corrections directors John Baldwin and Salvador Godinez for the care they failed to provide during his most recent conditional release.

Sprague also fails to state a claim against Delash Mutt. Although identified in the caption of his Amended Complaint, he fails to include any allegations against him. Further, to the extent he alleges that Warden Morganthaler is liable as the supervisor of the employees providing care to Sprague, he also fails to state a claim. Thus, Delash Mutt and Warden Morganthaler are **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following count:

> **Count 1:** Fourteenth Amendment claim against Rob Jeffreys, Sarah Brown Foiles, and Heather Wright for failing to implement an SDP program that provides adequate care for Sprague's mental illness and conditions.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

As a civil detainee, Sprague's claims arise under the Fourteenth Amendment which is subject to an objective unreasonableness standard. *Miranda v. County of Lake*, 900 F.3d 335, 352-54 (7th Cir. 2018); *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). At this stage, the Court finds that Sprague states a valid Fourteenth Amendment claim

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

regarding the treatment he has received in the SDPP at Big Muddy. Thus, Count 1 shall proceed against Rob Jeffreys, Sarah Brown Foiles, and Heather Wright. The claim against Rob Jeffreys will also proceed in his official capacity for purposes of implementing any injunctive relief awarded to Sprague.

## Pending Motions

As to Sprague's motion for counsel (Doc. 12), he states that he is mentally ill, suffers from other physical medical conditions, and needs counsel to help him pursue his claims. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, counsel is not needed at this time because the defendants have not yet been served and a scheduling order has not yet been entered. Thus, Sprague's motion for counsel is **DENIED**.

## Disposition

For the reasons stated above, Count 1 shall proceed against Rob Jeffreys (individual and official capacity), Sarah Brown Foiles, and Heather Wright. All other claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Rob Jeffreys, Sarah Brown Foiles, and Heather Wright: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Sprague. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Sprague, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. §1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Sprague, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Sprague is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  December 9, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**